No. 89-181

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

        Plaintiff and Respondent,

    -vs-

KURT McCOLLEY,

        Defendant an Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Arthur J. Thompson, Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
Elizabeth S. Baker, Asst. Atty. General, Helena
Harold Hanser, County Attorney; Teresa M. O'Connor,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: Sept. 7, 1989

Decided: October 24, 1989

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.


Defendant, Kurt McColley, was charged with one count of felony criminal sale of dangerous drugs in the District Court for the Thirteenth Judicial District, Yellowstone County. The jury found defendant guilty as charged. He was sentenced to 20 years in the Montana State Prison, with 10 years suspended. Defendant appeals. We affirm.

The sole issue on appeal is whether the conviction may stand when only one of the two sales charged as one offense has been proved by sufficient evidence?

Tim Martin, an undercover detective of the Yellowstone County Sheriff's Office, made arrangements with Matt Andre to purchase one-half gram of cocaine on April 1, 1988. Andre and Martin went to the residence of defendant in Billings, Montana. Andre entered the house alone, came out, and informed Martin that he had spoken with "Kurt," who said he would supply the cocaine. Martin and Andre then left defendant's home. Later that same day, Martin returned to Andre's house and picked up a bindle containing one-half gram of cocaine.

Several weeks later, Martin arranged with Andre to purchase more cocaine. On April 28, the two men again went to the home of defendant. Surveillance of defendant's residence was conducted by other officers. Martin himself never entered defendant's residence, but during the course of the day Andre was observed entering defendant's house several times. Finally, later that afternoon, Andre returned to his own residence and gave Martin a bindle of cocaine. The bindle was examined for fingerprints. Five fingerprints belonging to defendant were identified. Martin testified,

that upon his arrest, Andre said that he obtained the cocaine from defendant.

At trial, Andre denied that the cocaine from either purchase came from defendant. At the close of the State's case, defendant moved for directed verdict on the ground that there was insufficient evidence connecting the defendant to the April 1st sale. Defendant argued that since Andre was an accomplice in the drug transaction, as a matter of law, defendant could not be convicted solely upon the evidence gained from the police. The motion was denied.

Defendant testified that although Andre did visit him at his home on April 28, he did not sell any cocaine to Andre on that date or at any other time. The State called no other witnesses, and defendant was found guilty of the charged offense. He subsequently filed a Motion for Judgment Notwithstanding the Verdict (Judgment N.O.V.) or for New Trial pursuant to § 46-16-702, MCA, based on the same grounds as the Motion for Directed Verdict. The motion was denied.

Defendant maintains that since he was charged with one offense of criminal sale of dangerous drugs, committed on two separate occasions, the State must prove his connection with both sales. He contends that there is not sufficient evidence to support his conviction due to the State's failure to prove his connection with the cocaine sale of April 1, 1988. Defendant argues that because Andre only named him on arrest but denied his involvement at trial, the evidence is insufficient. He claims that there is no evidence to corroborate Andre's statements upon arrest that he received the cocaine from defendant. Furthermore, he contends that Andre was an accomplice to the transaction, and under § 46-16-213, MCA, a conviction based on the testimony of an accomplice cannot stand unless corroborated. Defendant relies on the case of State v. Warren (Mont. 1981), 628 P.2d 292, 38 St.Rep

3

773, in which this Court concluded that testimony of an accomplice must be supported by corroborating evidence or acquittal is the only remedy.

The State contends it is immaterial to defendant's conviction whether or not there was sufficient evidence to prove defendant was involved in both sales, citing the steadfast rule that "superfluity in an Information does not vitiate." State v. Board (1959), 135 Mont. 139, 143, 337 P.2d 924, 927. They argue that the conviction must stand because the April 28th sale is supported by substantial evidence. The State relies on United States v. Bruno (5th Cir. 1987), 809 F.2d 1097, in which the Court held that "the government need not prove all the charges contained in the indictment, but only a sufficient number of charges in each count so as to make out a violation of the statute relied upon." We agree and expressly adopt this holding.

We hold it is unnecessary to prove independently defendant's involvement in both sales when proof of either sale is sufficient to satisfy a prima facie case. Every charge in the information need not be proved to convict defendant of the offense for which he is charged. Corroboration of the April 1st sale is unnecessary when the April 28th sale was proven by sufficient independent evidence. We conclude the District Court was correct in denying defendant's Motions for Directed Verdict and his Motion for Judgment N.O.V. or a New Trial.

Affirmed.

_____
Justice

We concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_F. C. McCarvey_

_William E. Hunt_
Justices

5