No. 90-379

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

  Plaintiff and Respondent,

-vs-

KURT McCOLLEY,

  Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
       In and for the County of Yellowstone,
       The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Kurt McColley, Butte, Montana, Pro Se

  For Respondent:

    Hon. Marc Racicot, Attorney General, Helena, Montana
    Deanne L. Sandholm, Assistant Attorney General,
    Helena, Montana; Dennis Paxinos, County Attorney;
    Teresa O'Connor, Deputy Yellowstone County
    Attorney's Office, Billings, Montana

FILED

MAR 21 1991

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: January 17, 1991

Decided: March 21, 1991

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant, Kurt McColley, filed a petition for post-conviction relief in the Thirteenth Judicial District Court, Yellowstone County. McColley appeals from the District Court's denial of his petition. We affirm.

The only issue raised by McColley on appeal is whether the District Court erred by denying his petition for post-conviction relief.

McColley was charged with one count of felony criminal sale of dangerous drugs alleged to have been committed on or about April 1 and April 28, 1988. Trial commenced in District Court on February 1, 1989, and McColley was convicted by jury and sentenced to a term of twenty years in the Montana State Prison, with ten years suspended. McColley appealed from this conviction to this Court where we upheld the conviction on October 24, 1989. State v. McColley (1989), 239 Mont. 466, 781 P.2d 280.

On May 7, 1990, McColley filed a petition for post-conviction relief with the District Court. The District Court denied McColley's petition by an order entered on June 20, 1990, and McColley now appeals from the denial of his petition for post-conviction relief.

The factual background leading up to McColley's conviction is set forth in McColley, 239 Mont. 466, 781 P.2d 280, and will not be repeated here except as is necessary to dispose of the issue before us.

McColley presents four arguments in support of his claim that

2

the District Court erred when it denied his petition for post-conviction relief. They are: (1) the denial of the constitutional right to representation by a competent lawyer at every critical stage of the proceeding; (2) the unconstitutional use by the State of perjured testimony; (3) the lack of sufficient evidence upon which to base a conviction; and (4) prosecutorial misconduct.

McColley argues that he received ineffective assistance of counsel throughout the proceedings and has thereby been denied his constitutional right to representation. He argues that his counsel failed to adequately prepare for the trial, failed to make proper objections during the trial, failed to call any defense witnesses, and filed an appeal in which no meritorious grounds for appeal were presented.

There is a heavy burden of proof on an appellant who seeks to reverse a judgment on grounds of incompetency of counsel. State v. LaValley (1983), 203 Mont. 393, 398, 661 P.2d 869, 872. To prevail on such a claim McColley must show specific acts or omissions by his counsel which prejudiced his case and resulted in the denial of a fair trial. State v. Stewart (1988), 235 Mont. 239, 241, 767 P.2d 296, 297. As we stated in Stewart, the two-part test this Court applies in judging a claim of ineffective assistance of counsel is, first, whether the defendant can show deficient performance of counsel in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment . . . , [and second,] the defendant must show that the deficient performance

3

prejudiced the defense." (Citations omitted.) <u>Stewart</u>, 235 Mont. at 241, 767 P.2d at 297.

McColley contends his counsel failed to adequately investigate the facts, specifically an alleged statement by Matt Andre, a "middle man" involved in the drug transactions, made at the time of his arrest. McColley further argues that his counsel failed to discuss the case with him and did not even interview him until the week before the trial. Although these general allegations may in some way indicate insufficient trial preparation, there has been no indication of how this alleged unpreparedness prejudiced appellant's right to a fair trial. McColley does not present any reasonable probability that the result of the proceeding would have been different but for his counsel's alleged unpreparedness.

McColley also asserts that his counsel neglected to object to hearsay testimony by police officers and did not make any specific objections during the trial in order to preserve any error for appeal.

The record shows that the hearsay testimony to which McColley refers was properly admissible at trial and his counsel was aware of this fact. As to the general complaint about the lack of other objections, we have previously stated that "defense counsel's use of objections is within his discretion as trial tactics." (Citations omitted.) State v. Hurlbert (1988), 232 Mont. 115, 122, 756 P.2d 1110, 1114. And it is well established that it is not our function to second guess the trial tactics of defense counsel when evaluating counsel's representation. See <u>LaValley</u>, 203 Mont. at

4

397, 661 P.2d at 872.

> Defense counsel's use of objections during trial lie within his or her sound discretion and failure to object must, in addition to being error, also prejudice the defendant. (Citation omitted.)

Hurlbert, 232 Mont. at 120, 756 P.2d at 1113. The defendant has presented no evidence showing he has been prejudiced.

McColley claims that his counsel failed to call any defense witnesses to testify on his behalf. This argument is factually unfounded. Several of the witnesses called by the State, including Matt Andre, were defense witnesses. At trial Andre continually denied having ever made any statement that would connect McColley to the drug transactions. Defense counsel's decision in this regard is one of trial tactics and strategy and McColley fails to indicate how this alleged deficient performance may have in any way deprived him of a fair trial.

Finally, McColley claims that his counsel filed a frivolous appeal. The appeal to which McColley refers was decided on the merits by this Court in McColley, supra. A review of that case disproves such a claim. Effective assistance of counsel does not mean that the defendant is guaranteed assistance of counsel that will result in acquittal. LaValley, 203 Mont. at 398, 661 P.2d at 872.

A claim of ineffective assistance of counsel must be grounded in facts found in the record, not on mere conclusory allegations. Hurlbert, 232 Mont. at 120, 756 P.2d at 1113. McColley has failed to meet the burden of proof necessary to establish his claim of ineffective assistance of counsel.

5

McColley's second argument in support of his claim that the District Court erred by denying his petition is the allegation that the State used perjured testimony. The District Court refused to address this issue based upon the fact that this was a matter which could reasonably have been raised on direct appeal. We agree with the District Court. Where a defendant has been afforded a direct appeal of his conviction, any grounds for relief which reasonably could have been raised on direct appeal may not be subsequently raised in a petition for post-conviction relief. See Duncan v. State (1990), 243 Mont. 232, 794 P.2d 331, and § 46-21-105, MCA. McColley failed to raise this issue and could have reasonably done so on direct appeal. He is procedurally barred from doing so now.

McColley's last two arguments will be addressed concurrently. He alleges that there was an insufficiency of evidence on which to base a conviction and that there existed prosecutorial misconduct which denied him a fair trial.

As with the previous argument both of these arguments could have been raised on appeal and were not so raised. McColley is therefore procedurally barred from raising these arguments in his petition for post-conviction relief. In addition to failing to raise these claims on direct appeal, McColley also has failed to raise these claims in his original petition for post-conviction relief before the District Court. He attempts to raise these arguments for the first time in this appeal of his petition and may not do so.

Although we do not address the merits of the prosecutorial

misconduct issue, we take this opportunity, as we did in State v. Campbell (1990), 241 Mont. 323, 330, 787 P.2d 329, 334, to again remind prosecuting attorneys that Rule 3.4(e) of the Montana Rules of Professional Conduct prohibit a lawyer from, in trial, stating a personal opinion as to the guilt or innocence of an accused.

The standard of review for denial of post-conviction relief is whether there is substantial evidence to support the findings and conclusions of the district court. State v. Coates (1990), 241 Mont. 331, 336, 786 P.2d 1182, 1185. There is substantial evidence in the record to support the District Court.

Affirmed.

William E Hunt

Justice

We concur:

John Conway Harrison

Justices