No. 90-550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

Plaintiff and Respondent,

v.

LOREN ROBERT BAKER,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dennis G. Loveless, Attorney at Law, Helena, Montana

For Respondent:

Honorable Marc Racicot, Attorney General, Helena,
Montana; Patricia J. Jordan, Assistant Attorney
General, Helena, Montana; Mike McGrath, Lewis and
Clark County Attorney, Helena, Montana; Carolyn
Clemens, Deputy County Attorney, Helena, Montana

Submitted on Briefs: April 4, 1991

Decided: July 26, 1991

FILED
Filed:
JUL 26 1991
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

The defendant, Loren Robert Baker, was convicted by a jury in the First Judicial District, Lewis and Clark County, of robbery, reckless driving, and carrying a concealed weapon. He appeals from that verdict. We affirm.

The issues raised on appeal are:

1. Did the trial court err when it allowed the State to offer testimony of prior crimes and alleged acts of the defendant?

2. Did the trial court err when it limited the testimony of the defendant's expert witness?

3. Did the trial court err in permitting the reading of an Information of a previously charged offense?

On the evening of December 9, 1989, Baker had several drinks at a local bar. Around midnight, when the bartender informed him he would be closing soon, Baker went to the liquor store, which was connected to the bar, and purchased a bottle of whiskey. Baker testified that he was on his way out the door when two patrons physically thrust him out the door, threw him on the ground, and began searching him. Baker testified that he hit his head when he was thrown to the ground. The patrons testified that they thought Baker was stealing an additional bottle of whiskey, and that the bartender thought so too. They grabbed Baker and tried to get the bottle away from him.

Baker testified that he did not remember the following incidents to which one patron testified: Baker, while on the

2

ground outside of the bar, pulled a .22 caliber pistol out of his belt or his fanny pack. One patron held Baker while the bartender took the gun away from him. When the patron let him up, Baker went to his car and retrieved another gun. The patrons and the bartender locked themselves in the bar and called the police. Baker shot through the door, striking a customer. He then drove away.

A police officer testified that several police cars began following Baker with lights and sirens on. Baker went off the road. The police surrounded the car, Baker got out, the police retrieved a gun from the car, and Baker was taken into custody.

Baker was charged with robbery (or in the alternative, criminal endangerment), reckless driving, and carrying a concealed weapon. Baker filed notices that he intended to rely on the defenses of justifiable use of force and mental disease or defect. The State filed notice that if Baker or his witnesses testified as to Baker's passive nature, it would introduce evidence of his previous incidents of violence against peace officers and other persons pursuant to State v. Just, 184 Mont. 262, 602 P.2d 957 (1979). The State filed a supplemental notice stating it would include an incident from January 1988 when Baker was caught stealing while intoxicated at a grocery store.

At trial, Baker's aikido (a martial art) instructor testified that Baker had a good understanding of the nonviolent, nonaggressive nature of the aikido practice. The State

3

cross-examined regarding his tendency toward passivity. Baker's clinical psychologist testified that Baker was a passive individual who avoided conflict and saw himself as a victim. The psychologist stated that Baker had informed him of three prior encounters with the legal system. On cross-examination, the State inquired into the psychologist's knowledge of Baker's prior acts of violence. Baker then testified as to his own version of the prior acts. The State produced testimony on rebuttal of those prior acts. Baker now contests the cross-examination of the aikido instructor and the State's testimony on rebuttal.

Did the trial court err when it allowed the State to offer testimony of prior crimes and alleged acts of the defendant?

After Baker's aikido instructor testified as to Baker's training, the State cross-examined as follows:

Q. As I get your testimony, it is either expressed or by implication that Mr. Baker here is a gentle individual who is nonaggressive?

A. That is correct.

Q. Okay. And that is the idea you are trying to get across to the jury is this is a nonaggressive docile sort of guy who wouldn't do anything to hurt anybody unless it is absolutely necessary?

A. That is correct.

Baker did not object to this cross-examination at the time, but later objected that he had not brought out evidence of his nonaggressive nature on direct exam, so it was improper to do so on cross-examination. The court disagreed, finding that Baker had

indeed put his character in issue. The State subsequently introduced testimony on rebuttal of prior aggressive acts to refute the claim of nonaggressiveness, including incidents of being intoxicated and attempting to use weapons and attempting to steal. On appeal, Baker claims that the evidence relating to the prior aggressive acts is inadmissible because it does not conform to Rule 404(b), M.R.Evid., and State v. Just, 184 Mont. 262, 602 P.2d 957 (1979). However, we find Rule 404(a)(1), M.R.Evid., not Rule 404(b), M.R.Evid., and Just, to be the applicable law.

Rule 404(a)(1), M.R.Evid., permits character testimony on rebuttal if the opposing party has put character in issue. Rule 404(a)(1), M.R.Evid., states:

> (a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
> (1) Character of the accused. Evidence of a pertinent trait of his character offered by an accused, <u>or by the prosecution to rebut the same</u>.

(Emphasis added).

Baker's focus on Rule 404(b), M.R.Evid., and Just is misplaced. The purpose of the aikido instructor's testimony was to show Baker's propensity to behave in a certain manner, or in other words, to show a pertinent trait of his character. Character having been put in issue, it was properly rebutted by the prosecution under Rule 404(a)(1), M.R.Evid.

Did the trial court err when it limited the testimony of the defendant's expert witness?

Baker attempted to use a clinical psychologist to testify as to the symptoms a concussion could produce. The court restricted the psychologist's testimony to the actual mental condition of Baker, and did not permit him to testify as to the cause of it. The court found that the psychologist was not qualified to give an opinion regarding the relationship of a blow to the head to a disruption of mental faculties. Baker submits that this restriction deprived him of a fair trial.

The determination that a witness is an expert is largely within the discretion of the trial judge and should not be overturned in the absence of an abuse of discretion. State v. Martin, 226 Mont. 463, 736 P.2d 477 (1987). The defense made no attempt to qualify the psychologist as a medical expert, so we find no abuse of discretion in the District Court's determination that a psychologist may not have the expertise to testify on a medical subject.

Did the District Court err in permitting the reading of an Information of a previously charged offense?

On direct examination, Baker testified as to his version of a previous assault charge. On cross-examination, the State read the Information relating to the charge in order to clarify a fact. Baker objected, presumably on relevancy grounds, but the court permitted it. Baker now argues that the reading denied him a fair trial by poisoning the minds of the jurors.

Baker himself testified as to the incident on direct examination.  The reading of the Information was, therefore, relevant and properly within the scope of cross-examination and did not prejudice Baker's case to the jury.

Affirmed.

_William E. Hunter_
Justice

We concur:

_R. C. McDonough_

_John Conway Harrison_

_Karla M. Gray_

Justices

7