No. 94-335

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

LOREN ROBERT BAKER,

      Defendant and Appellant.

FILED

AUG 04 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Loren R. Baker, Deer Lodge, Montana, Pro Se

      For Respondent:

      Hon. Joseph P. Mazurek, Attorney General,
Patricia Jordan, Ass't Attorney General, Helena,
Montana

      Mike McGrath, Lewis and Clark County Attorney,
Helena, Montana

Submitted on Briefs:  June 29, 1995

Decided:  August 4, 1995

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Loren Robert Baker (Baker), pro se, appeals from the Decision and Order of the First Judicial District Court, Lewis and Clark County, denying his petition for post-conviction relief. We affirm.

## Background

As a result of a jury trial, Baker was convicted on June 21, 1990, of robbery, reckless driving and carrying a concealed weapon. He was subsequently sentenced to serve a total of 36 years in prison and was designated a dangerous offender for parole eligibility purposes. We affirmed Baker's conviction on appeal in State v. Baker (1991), 249 Mont. 156, 815 P.2d 587, and reference is made to our decision in that case for further background information. The Montana Sentence Review Board affirmed Baker's sentence on August 21, 1992.

Baker filed his petition for post-conviction relief on January 6, 1994, alleging ineffective assistance of counsel. In his petition Baker claimed that his counsel: (1) failed to litigate issues concerning an alleged illegal search, an alleged compelled self-incrimination, and the admission of other crimes evidence; (2) failed to raise other possible defenses; (3) failed to prevent the use of evidence of past behavior at sentencing; and (4) failed to request a hearing pursuant to § 46-18-222, MCA, regarding his mental condition.

In accordance with our decision in Petition of Gillham (1985),

216 Mont. 279, 704 P.2d 1019, the State moved for and obtained orders requiring Baker's trial counsel to respond to the claims of ineffective assistance of counsel. After briefing and the consideration of various documents and the responses of counsel, but without an evidentiary hearing, the District Court denied Baker's petition on May 20, 1994. Baker appeals.

Further facts are set forth in our following discussion as necessary to dispose of the issues raised.

## Issues

In his opening brief, Baker raises twenty-five issues (Baker's issues) which we simply reiterate here as follows:

1. Whether an exception should be made to allow application of exclusionary rule to testimony of private individuals whose felonious conduct was first-aggression assault causing injury to the accused and whose subsequent search produced no physical evidence of alleged theft?

2. Whether merchant violation of standards of reasonableness in his treatment of a customer voids his right to assert a shoplifting claim?

3. Whether a strong showing of probable factual innocence of theft is reasonable doubt of guilt of robbery which merits relief?

4. Whether the state has denied Baker the equal protection of the laws?

5. Whether the state has denied Baker speedy remedy for injury of person and the administration of right and justice?

6. Whether the trial court errored [sic] and denied due process of law by precluding pretrial motions and evidentiary hearing from defense trial counsel?

7. Whether officer's testimony of Baker's admissions was evidence obtained from interrogation where officers compelled self-incrimination in absence of counsel, and the inadmissible testimony should have been suppressed?

3

8. Whether counsel was deficient in omission to perform pretrial investigation of plausible defenses?

9. Whether state procedural default of timely notice requirements prejudiced the defense with indefensible surprise?

10. Whether indefensible surprise from untimely notice compelled self-incrimination from the defendant?

11. Whether indefensible surprise shifted the burden of proof to the defense and unlawfully negated the state's responsibility to prove every element of crime beyond reasonable doubt?

12. Whether evidence of past acts and offenses prejudiced the jury?

13. Whether the state is required to meet the standards cited in its notice and omission to do so is unfair to the defense?

14. Whether the principles of fundamental fairness require the Just standards to be met, prerequisite to admission of evidence of past acts or offenses, regardless of what rule of procedure the evidence is introduced under?

15. Whether defense evidence was prejudicially suppressed?

16. Whether the Presentence Investigation Report is biased and contributed to prejudicial sentencing?

17. Whether Baker was deprived of fair hearing and consideration of mitigating circumstances for lesser sentence?

18. Whether the dangerous designation was improperly imposed?

19. Whether state default at trial prejudiced sentencing?

20. Whether it is an unjust succession of sentence to upon release from prison incarcerate Baker in the county jail for one year: where this would reverse earned custody reductions, would be contrary to rehabilitative processes, and would cause breach of family relationships?

21. Whether Baker's sentence is cruel punishment?

4

22. Whether defense counsel's performance was deficient, and the deficient performance prejudiced the defense?

23. Whether conviction was obtained through malicious prosecution?

24. Whether prejudicial error occurred when prosecution raised prior conviction for carrying a concealed weapon and rose [sic] issue of defendant's failure to obtain concealed weapon permit?

25. Whether defendant's testimony at trial was inadmissible, and his decision to testify was incompetent, because of mental impairment; and, whether these facts merit reversal?

For purposes of convenience and our discussion we adopt the following issues as proposed by the State:

1. Whether Baker's issues 2-6, 13-14, 16, 18-21, 23 and 25 are procedurally barred for failure of Baker to raise them in his original petition in District Court?

2. Whether Baker's issues 1, 7, 9-14, 17 and 19 are procedurally barred for failure of Baker to raise them in his direct appeal?

3. Whether Baker's issues 10-14 and 24 are barred by the doctrine of res judicata?

4. Whether Baker received effective assistance of counsel?

Standard of Review

We review the District Court's denial of a petition for post-conviction relief to determine whether substantial evidence supports the findings and conclusions of the court. Walker v. State (1993), 261 Mont. 1, 6, 862 P.2d 1, 4 (citing State v. Coates (1990), 241 Mont. 331, 336, 786 P.2d 1182, 1185). We will not

5

overturn the court's legal conclusions if the tribunal's interpretation of the law is correct. Wagner v. State (Mont. 1995), 889 P.2d 1189, 1190, 52 St.Rep. 61, 61 (citing Eiler v. State (1992). 254 Mont. 39, 42, 833 P.2d 1124, 1126).

Discussion

1. Whether Baker's issues 2-6, 13-14, 16, 18-21, 23 and 25 are procedurally barred for failure of Baker to raise them in his original petition in District Court?

Section 46-21-105(1), MCA, provides:

> All grounds for relief claimed by a petitioner under 46-21-101 must be raised in the original or amended petition. Those grounds for relief not raised are waived unless the court on hearing a subsequent petition finds grounds for relief that could not reasonably have been raised in the original or amended petition.

Baker's petition filed in District Court was premised upon his claim that he did not receive effective assistance of counsel; it was on that basis that the court denied his petition. Baker's issues 2-6, 13-14, 16, 18-21, 23 and 25, were not raised in his original petition filed in District Court, but are, instead, raised for the first time in this appeal.

Under the clear and unambiguous language of § 46-21-105(1), MCA, Baker's issues 2-6, 13-14, 16, 18-21, 23 and 25, have been waived and are procedurally barred from being raised inasmuch as these issues were not raised in Baker's original petition. Moreover, this being a direct appeal from the District Court's Decision and Order denying post-conviction relief under § 46-21-203, MCA, we will decline to consider issues not first raised in the trial court. Section 46-20-701, MCA; Rule 2(a), M.R.App.P.;

6

State v. McColley (1991), 247 Mont. 524, 528, 807 P.2d 1358, 1361.

Accordingly, we will not consider Baker's issues 2-6, 13-14, 16, 18-21, 23 and 25, further.

2. Whether Baker's issues 1, 7, 9-14, 17 and 19 are procedurally barred for failure of Baker to raise them in his direct appeal?

Section 46-21-105(2), MCA, provides:

> When a petitioner has been afforded a direct appeal of the petitioner's conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition.

Under this statute, a petitioner, like Baker, who has been afforded a direct appeal of his conviction may not raise in a post-conviction petition grounds for relief that he could reasonably have raised in his direct appeal. McColley, 807 P.2d at 1361. Moreover, we have held that the procedural bar applies to issues which were not properly preserved at the trial level for appeal. State v. Gorder (1990), 243 Mont. 333, 792 P.2d 370.

Here, Baker could reasonably have preserved his issues 1, 7, 9-14, 17 and 19, on their merits by first raising them in District Court. Having failed to do so the sole issue which he may now raise is one of ineffective assistance of counsel, by reason of the failure of counsel to preserve those issues.

Unless a post-conviction petitioner can demonstrate a fundamental miscarriage of justice (which Baker has failed to do here), we will consistently apply the procedural bar. See, Eilen: Petition of Evans (1991), 250 Mont. 172, 819 P.2d 156; McColley; Duncan v. State (1990), 243 Mont. 232, 794 P.2d 331; Tecca v.

7

McCormick (1990), 246 Mont. 317, 806 P.2d 11; Petition of Martin (1989), 240 Mont. 419, 707 P.2d 746.

Accordingly, we conclude that Baker's issues 1, 7, 9-14, 17 and 19, are procedurally barred under § 46-21-105(2), MCA, as having not been raised on direct appeal.

3. Whether Baker's issues 10-14 and 24 are barred by the doctrine of res judicata?

In his direct appeal, Baker raised, and we decided against him, the issue of whether the trial court erred when it allowed the State to offer testimony of prior crimes and alleged acts. Baker, 815 P.2d at 589. Baker contended that the evidence relating to the prior aggressive acts was inadmissible because it failed to conform to Rule 404(b), M.R.Evid., and State v. Just (1979), 184 Mont. 262, 602 P.2d 957. Baker, 815 P.2d at 589. In support of his appeal, Baker argued that the trial court erred when it allowed the State to introduce evidence of other crimes on rebuttal; that the jury was not voir-dired on this evidence; and that the State should not have been allowed to raise the issue of character through cross-examination of a defense witness. Baker's issues 10-14 and 24 are the same as those raised in his direct appeal.

We will apply the bar of res judicata to the re-litigation of issues already determined on direct appeal if:

> (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

Coleman v. State (1981), 194 Mont. 428, 438, 633 P.2d 624, 630

8

(quoting Sanders v. United States (1963), 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148, 161).

Having already decided Baker's issues 10-14 and 24 on direct appeal, we conclude that the doctrine of res judicata bars reconsideration of these issues in this appeal.

4. Whether Baker received effective assistance of counsel?

The only issue which Baker has properly raised in this appeal is his claim of ineffective assistance of counsel. We will only consider the specific allegations of deficient performance which were properly raised in the trial court. Walker, 862 P.2d at 5.

In Walker, citing the seminal case of Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, along with McColley and Coates, we summarized the nature of our review of ineffective assistance of counsel claims as follows:

> There is a heavy burden of proof on a defendant who seeks to reverse a judgment on the grounds of ineffective assistance of counsel. [Citation omitted.] In evaluating ineffective assistance of counsel claims, we utilize a two-part test as set forth in [Strickland]. First, the defendant must establish that counsel's performance was deficient. [Citation omitted.] Counsel's performance will be evaluated pursuant to the "reasonably effective assistance" test; if counsel acted within the range of competence demanded of attorneys in criminal cases, his performance was not deficient. [Citation omitted.]
> To satisfy the second prong of the Strickland test, the defendant must establish that the deficient performance prejudiced the defendant so as to deprive him of a fair trial. [Citation omitted.1 The standard for evaluating prejudice is whether a reasonable probability exists that, but for counsel's deficient performance, the trial's outcome would have been different. [Citation omitted.1 However, this Court will not second-guess trial tactics and strategy. [Citation omitted.]

Walker, 862 P.2d at 4.

Moreover, a defendant alleging ineffective assistance of counsel bears the burden of proving both deficient performance and prejudice, and the proof must be grounded in facts found on the record, not in mere conclusory allegations. State v. Hurlbert (1988), 232 Mont. 115, 120, 756 P.2d 1110, 1112-13. If it is clear that the defendant has not suffered prejudice depriving him of a fair trial as a result of counsel's allegedly deficient performance, the analysis ends at that point. Strickland, 466 U.S. at 697. See also Hurlbert, 756 P.2d at 1113.

With these legal principles in mind, we address each of Baker's ineffective assistance of counsel claims. Baker alleges that counsel failed to move to suppress evidence obtained by a private citizen search (Baker's issues 1 and 8). We conclude that counsel did not err in so doing and that a motion to that effect would have been frivolous under the facts of this case. Since our decision in State v. Long (1985), 216 Mont. 65, 700 P.2d 153, we have not applied the exclusionary rule to suppress the fruits of private citizen searches, unless the citizens were "agents of the State." State v. Christensen (1990), 244 Mont. 312, 797 P.2d 893. Here, the patrons of Dapper Dan's bar in Helena were clearly not acting at the behest of law enforcement.

Baker also contends that trial counsel did not provide effective assistance in failing to move to suppress his statements to Helena police officers Whitcomb and Hartman on the day following his arrest as he was being transported from the Jefferson County jail to the Lewis and Clark County jail (Baker's issues 7-8). We

10

conclude that Baker's contentions are without merit.  Officer Whitcomb testified that he did advise Baker of his Miranda rights, that he was not sure that the tape recorder had been turned on at that point (the tape was inaudible), and that he did not recall Baker asking for an attorney.  The District Court concluded that Baker offered no proof to the contrary.

Moreover, Baker suffered no prejudice as a result of the introduction of his statements.  Other witnesses at trial confirmed much of what Baker stated to the police, and he never denied committing the offenses charged, his defenses being self-defense and mental disease and defect.  In view of these circumstances and because of the substantial quantum of evidence offered against Baker at trial, it is unlikely that the outcome of the trial would have been different even if his statements had been suppressed.

Baker maintains that counsel failed to effectively litigate the admission of other crimes evidence (Baker's issues 9 and 14). Again, we disagree.  While Baker argues that he was prejudiced in preparing his defense because the Just notice was not timely served and that his counsel should, therefore, have asked for a continuance, it is within trial counsel's professional judgment to determine whether a continuance is necessary. Absent proof to the contrary, we will not assume that defense counsel's failure to move for a continuance prejudiced Baker's substantial rights.  The District Court found no prejudice, nor do we.

Baker argues that trial counsel erroneously failed to object to the cross-examination of the aikido instructor.  In <u>Baker</u>, we

11

concluded that the State's cross-examination was proper, because the defendant had put his character in issue and that rebuttal by past acts was proper. Baker, 815 P.2d at 589. While there was no objection to the cross-examination by defense counsel, any such objection would have been overruled, the subject having been raised on direct examination. Generally, whether to object is left to the discretion of trial counsel in any event. Hurlbert, 756 P.2d at 1114; McColley, 807 P.2d at 1360. Again Baker has failed to demonstrate that his defense was prejudiced.

Baker contends that counsel was ineffective by failing to obtain a gag order preventing an open trial (Baker's issue 15). Baker wanted to present evidence that an assault on his wife in 1988 caused him to take measures to defend himself and caused extreme mental stress which he contends affected his actions on the night of the offenses. One of Baker's trial counsel stated that he advised Baker against this course of action, because he felt that the motion would be denied and create more adverse publicity; his other counsel agreed with that analysis. The District Court found that counsels' determination was a reasoned strategic decision. We agree. Counsels' analysis of the law was correct. See, for example, Globe Newspaper Co. v. Superior Court (1982), 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248; Richmond Newspapers, Inc. v. Virginia (1980), 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973; State ex rel. Smith v. District Court (1982), 201 Mont. 376, 654 P.2d 982.

Moreover, during the trial Baker had the opportunity to

12

present evidence of the attack on his wife, of his mental state at the time of the crime, and of his reaction to the attack. Baker has failed to demonstrate how the attack on his wife some one and one-half years prior to the offenses with which he was charged would have provided a valid defense. Again, no prejudice has been shown affecting Baker's substantial rights, and we reject his arguments.

'Baker contends that trial counsel erred in failing to prevent use of evidence of past behavior at sentencing (Baker's issue 19). Again, we find no support for Baker's position. Baker's past conduct had been introduced in rebuttal during the trial over the objection of defense counsel. More importantly, even if such conduct had not been introduced at trial, such evidence would have been properly presented as part of the presentence investigation report which the court would have reviewed and considered at sentencing. Sections 46-18-101(3), MCA, and 46-18-111, MCA. Defense counsel could not have prevented the introduction of Baker's criminal history at sentencing had he tried.

Baker argues that counsel failed to request a hearing pursuant to § 46-18-223, MCA, on whether the mandatory minimum sentence should apply to him (Baker's issues 17 and 22). The District Court ruled that the mandatory minimum sentence was not considered in this case. Baker was given a twenty-five year term for his robbery conviction and a ten year term for use of a weapon. Accordingly, whether the exceptions to the mandatory minimum sentence would have applied is moot. Moreover, Baker had every opportunity at trial to

13

present his theory that he was the victim of threats, intimidation and harassment which prevented him from acting with purpose or knowledge on the date of the offense. He has failed to present any new evidence relating to these factors which would have been presented at a mitigation hearing, had one been held. Again, Baker has failed to demonstrate how defense counsel's failure to request a § 46-18-223, MCA, hearing prejudiced his defense.

In summary, having carefully reviewed the record and having considered defendant's claims of ineffective assistance of counsel, we conclude that Baker has failed in his burden to prove that trial counsel made errors so serious that he was deprived of "counsel" as guaranteed by the Sixth Amendment to the United States Constitution. Moreover, Baker has failed in his burden to show that counsel's performance in any way prejudiced his defense so as to deny him a fair trial.

The District Court Decision and Order denying Baker's petition for post-conviction relief is, in all respects, AFFIRMED.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

14