No. DA 06-0504

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 88N

SWAN DELAVERGN SMITH,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-03-55,
Honorable C. B. McNeil, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Ilka Becker, Assistant
Attorney General, Helena, Montana

        Robert Long, County Attorney; Mitchell A. Young, Deputy County
Attorney, Polson, Montana

Submitted on Briefs:  March 14, 2007

Decided:  April 3, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Swan Smith was convicted of deliberate homicide and sentenced to life imprisonment. We affirmed his conviction on direct appeal. The underlying facts are set forth in *State v. Smith*, 2005 MT 325, 329 Mont. 526, 127 P.3d 353, and we will not repeat them here, except to note that Smith was intoxicated at the time he beat the victim to death.

¶3 Smith's current appeal is from the District Court's denial of his petition for postconviction relief. The District Court reasoned that the claim raised in Smith's petition is procedurally barred by § 46-21-105(2), MCA, as a claim that could have been raised on direct appeal.

¶4 In his petition, Smith argued that § 45-2-203, MCA, which prohibits the defense of intoxication concerning mental state, violates his right to defend guaranteed by Sections 3, 4 and 24 of Article II of the Montana Constitution. During trial and on appeal, however, Smith contended that the statute violated the federal due process and supremacy clauses. We affirmed, noting that the United States Supreme Court had already decided

2

this issue in *Montana v. Egelhoff*, 518 U.S. 37, 116 S. Ct. 2013 (1996). *Smith*, ¶¶ 29-33. In a concurrence, Justice Nelson, joined by Justice Cotter, stated that: "[a]t such point in time as there are two other votes to reconsider this issue, I stand ready to overrule *McCaslin* and proceed in accordance with our decision in [*Egelhoff*], but on independent state grounds." *Smith*, ¶ 35.

¶5    In his petition for rehearing, Smith, for the first time, alleged that this Court overlooked whether § 45-2-203, MCA, violates his right to present a defense under the Montana Constitution. We denied Smith's petition, noting that he was seeking relief under the Montana Constitution for the first time on appeal.

¶6    Smith now argues that he has preserved his Montana Constitution argument for consideration by way of postconviction proceedings. First, he contends that the broad statement in his trial brief, that the statute "violates due process because it inhibits Swan Smith's right to present a defense," encompassed both federal and state constitutional provisions relating to the right to present a defense. Second, he asserts that his current argument could not have been raised on appeal because it was not preserved below. Finally, Smith argues that the first time he could have reasonably raised the argument under the Montana Constitution was after Justice Nelson, in his *Smith* concurrence, opened the door by indicating he was willing to reverse *McCaslin* on independent state grounds.

¶7    Claims that could have been raised on direct appeal are barred from review under a petition for postconviction relief. Section 46-21-105(2), MCA. This procedural bar

3

also applies to issues that were not properly preserved for appeal at the trial level. *State v. Baker*, 272 Mont. 273, 281, 901 P.2d 54, 58 (1995) (citations omitted).

¶8     Smith's vague general statement made in his trial brief that § 45-2-203, MCA, "violates due process because it inhibits Swan Smith's right to present a defense," failed to specifically reference Article II, Sections 3 and 4 of the Montana Constitution. The statement, at best, informed the court that Smith was arguing that the statute violates "due process." Additionally, failure to preserve the issue below does not allow Smith to end run the procedural bar described in § 46-21-105(2), MCA. As stated above, the procedural bar applies not only to issues that should have been raised on appeal but also to issues that were not properly preserved for appeal in the district court. *See Baker*, 272 Mont. at 281, 901 P.2d at 58. The very fact that Smith failed to raise his Montana Constitution argument below thus bars the issue from consideration under postconviction relief.

¶9     Lastly, we conclude that Smith did not have to wait for Justice Nelson's concurrence to open the door to Smith's current argument that § 45-2-203, MCA, violates his right to defend under the Montana Constitution, because the constitutional provisions Smith is relying upon were adopted in 1972. We therefore agree with the District Court that, independently of Justice Nelson's special concurrence, Smith could have challenged the statute below because he "either knew or should have known of [the Montana Constitution] provisions now argued for the first time in postconviction relief."

4

¶10     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is procedurally barred pursuant to § 46-21-105(2), MCA.

¶11     We affirm the judgment of the District Court.


                                        /S/ W. WILLIAM LEAPHART


We concur:

/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON