No. 99-352

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 212

295 Mont. 489

986 P.2d 1093

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

WILLIAM F. NICHOLS,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Nichols, Deer Lodge, Montana, pro se

For Respondent:

Joseph P. Mazurek, Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Marty Lambert, Gallatin County Attorney, Bozeman, Montana

_____

Submitted on Briefs: August 26, 1999

Decided: September 14, 1999

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶William F. Nichols (Nichols), *pro se*, appeals from the District Court's denial of his petition for post-conviction relief. We affirm.

## Background

1. ¶In January 1989, Nichols pleaded guilty to one count of aggravated assault and to one count of felony assault. He was sentenced to 20 years for the aggravated assault and to 10 years for the felony assault. The trial court imposed an additional 10-year sentence on the aggravated assault and an additional five-year sentence on the felony assault pursuant to § 46-18-221, MCA. This statute provides for an enhanced penalty for offenses committed with a dangerous weapon. Written judgment was entered on March 1, 1989. Nichols applied for sentence review but did not appeal his conviction.

2. ¶Thereafter, in October 1990, Nichols moved to withdraw his guilty plea. The trial court deemed his motion to be a petition for post-conviction relief, ordered a response from the State, and, following a hearing, amended Nichols' sentence by vacating the sex offender treatment and restitution requirements imposed in the original sentence. The court did not amend the term of years to which Nichols was sentenced. This amended judgment was filed November 9, 1993. Nichols did not appeal.

3. ¶Nichols' instant petition was filed March 4, 1999, more than 10 years following his original conviction and more than five years following entry of the amended judgment. Nichols' application, styled as a "Motion for Amended Sentence and Judgment," requested that the court strike the weapons enhancement sentences from each felony sentence. Nichols premised his claim for this relief on our decision in *State v. Guillaume*, 1999 MT 29, 975 P.2d 312, 56 St.Rep. 117, wherein we held that application of § 46-18-221, MCA, to felony convictions (there, felony assault) where the underlying offense requires proof of the use of a weapon, violates the double jeopardy provision of Article II, Section 25 of the Montana Constitution. *Guillaume,* ¶ 16. The State objected to Nichols' petition. The District Court denied Nichols relief on the basis of the State's statute of limitations and retroactivity arguments. This appeal followed.

## Issues

1. ¶We address two issues:
2. ¶1. Is Nichols entitled to retroactive application of this Court's decision in *Guillaume*?
3. ¶2. Is Nichols' post-conviction claim statutorily barred?

## Discussion

1. ¶Both issues involve the District Court's conclusions on and application of the law. Our standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *See State v. Baker* (1995), 272 Mont. 273, 280, 901 P.2d 54, 58 cert denied, 516 U.S. 1125, 116 S.Ct. 940, 133 L.Ed.2d 865 (1996) (citations omitted).

## 1.

1. ¶ *Is Nichols entitled to retroactive application of this Court's decision in Guillaume?*
2. ¶Retroactivity is properly treated as a threshold question which requires that application of a new rule for the conduct of criminal prosecutions be evenhandedly applied to all who are similarly situated in cases pending on direct review or not yet final. *See State v. Egelhoff* (1995), 272 Mont. 114, 125-26, 900 P.2d 260, 266-67, *rev'd on other grounds by Montana v. Egelhoff* (1996), 518 U.S. 37, 116 S.Ct. 2013, 135 L.Ed.2d 361 (citing *Griffith v. Kentucky* (1987), 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649; *Teague v. Lane* (1989), 489 U.S. 288, 300-01, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334).
3. ¶A "new rule" is one which "breaks new ground" or "imposes a new obligation" on the government. Put another way, if the result of the case was not dictated by precedent existing at the time the defendant's conviction became final, then the rule is a "new rule." *Egelhoff*, 272 Mont. at 126, 900 P.2d at 267 (citing *Teague*, 489 U.S. at 301, 109 S.Ct. at 1070).
4. ¶Our decision in *Guillaume* announced a new rule of constitutional law when we held that Article II, Section 25 of the Montana Constitution affords broader protection than the double jeopardy clause of the federal constitution. Prior to *Guillaume*, in the absence of a case presenting the precise issue of the scope of Montana's constitutional prohibition against double jeopardy vis-a-vis that of the federal constitution, we deemed the protections afforded by Article II, Section 25 of the Montana Constitution and by the Fifth Amendment to the United States

Constitution to be coextensive. *Guillaume* was the first case to announce the broader protection rule and this rule was not dictated by prior precedent. *See Guillaume,* ¶¶ 11-16; *State v. Zabawa* (1996), 279 Mont. 307, 310, 928 P.2d 151, 153; *State v. Schnittgen* (1996), 277 Mont. 291, 296, 922 P.2d 500, 503; *City of Helena v. Danicheck* (1996), 277 Mont. 461, 464, 922 P.2d 1170, 1172; *State v. Nelson* (1996), 275 Mont. 86, 90, 910 P.2d 247, 250.

5. ¶At the time we handed down our decision in *Guillaume* (February 19, 1999), Nichols' case was not pending on direct review. His conviction had been final for over five years at a minimum.[1] Accordingly, at first blush the general rule of retroactivity would appear not to apply in Nichols' case. *See Egelhoff*, 272 Mont. at 125-26, 900 P.2d at 266-67.

6. ¶Notwithstanding, there are two exceptions to the general rule. The first exception is applicable when the new constitutional rule puts primary, private individual conduct beyond the power of the criminal law to proscribe. The second exception is applicable when the procedures used to convict the defendant are so implicit in the concept of ordered liberty as to constitute watershed rules of criminal procedure. *See Egelhoff*, 272 Mont. at 126, 900 P.2d at 267 (citing *Teague*, 489 U.S. at 310-11, 109 S.Ct. at 1075-76). We conclude that the District Court correctly determined that neither exception applies.

7. ¶As argued by the State, the *Guillaume* "new rule" expanded the double jeopardy protections afforded by the Montana Constitution beyond that afforded by the federal constitution. Our decision also invalidated the statutory scheme which authorized the enhancement of punishment for offenses committed with a dangerous weapon where the underlying offense required proof of the use of a weapon. *Guillaume* did not, however, put private, individual conduct beyond the power of the criminal law to proscribe. Offenses committed with a dangerous weapon could still be prosecuted and punished after our decision just as they were before it was handed down. Only the extent of the punishment was proscribed.

8. ¶Similarly, *Guillaume* did not set out a watershed rule of criminal procedure. Montana's double jeopardy provision had never been argued or construed to confer greater protection than the Fifth Amendment. While our decision, for the first time, held this to be the case, it cannot be said that *Guillaume* announced a rule so implicit in the concept of ordered liberty that it requires retroactive application to cases not pending on direct review and to cases that were final when our opinion was issued.

9. ¶We hold that the District Court correctly refused to apply to Nichols' case either of the two exceptions to the general retroactivity rule.

2.

1. ¶*Is Nichols' post-conviction claim statutorily barred?*

2. ¶The District Court ruled that Nichols' claim was barred by the one-year statute of limitations set out at § 46-21-102(1), MCA (1997). As the State notes, however, since Nichols was convicted in 1989, he is not subject to the one-year bar as that statute of limitations applies only to those convictions which became final after the effective date of § 46-21-102, MCA (1997)--April 24, 1997--or within one year prior to that date. *See* Compiler's Comments to § 46-21-102, MCA (1997); Sections 9(1) and 10, Ch. 378, L.1997; *Hawkins v. Mahoney*, 1999 MT 82, ¶¶ 7-15, 979 P.2d 697, ¶¶ 7-15, 56 St. Rep. 345, ¶¶ 7-15. Since Nichols' conviction became final, at the latest, following entry of the November 9, 1993 amended judgment[(2)], his petition for post-conviction relief is subject to the five-year statute of limitation set out in the pre-1997 version of § 46-21-102, MCA. *Hawkins*, ¶ 10. Accordingly, the District Court correctly ruled that Nichols' petition was time-barred, albeit the court used the wrong statute of limitation.

3. ¶Nichols, nonetheless, argues that we should disregard the procedural time-bar. He bases his argument on the "clear miscarriage of justice" exception which we articulated in *State v. Perry* (1988), 232 Mont. 455, 758 P.2d 268, and in *In re Petition of Gray* (1995), 274 Mont. 1, 908 P.2d 1352. However, in *Beach v. Day* (1996), 275 Mont. 370, 374, 913 P.2d 622, 624, we held that *Perry's* miscarriage of justice exception does not apply to post- conviction claims unless they allege newly discovered evidence which would establish that the defendant did not commit the offense. *Hawkins,* ¶ 12. *See also State v. Redcrow,* 1999 MT 95, ¶¶ 33-34, 980 P.2d 622, ¶¶ 33-34, 56 St.Rep. 409, ¶¶ 33-34 (miscarriage of justice refers to actual, not legal, innocence).

4. ¶Nichols' case does not fall within these exceptions. In the case at bar, Nichols pleaded guilty to the underlying offenses, both of which involved the use of a dangerous weapon, a knife. Without attacking the validity of his convictions, Nichols cannot be considered to have not committed or to be actually innocent of his crimes. His complaint that he should not have been sentenced to additional punishment under the weapons enhancement statute, while a legal error in light of *Guillaume*, does not equate with "actual innocence."

5. ¶Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

1. For purposes of this opinion we use the November 9, 1993 amended judgment as Nichols' final conviction date. The result would obviously be the same were we to use, instead, his original March 1, 1989 conviction date.

2. Again, for purposes of this opinion, we use the date of Nichols' November 9, 1993 amended judgment, as the result would not be any different if we used the March 1, 1989 judgment.