No. 99-299

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 251

296 Mont. 253

989 P.2d 335

STATE OF MONTANA,

Plaintiff and Respondent,

v.

LOREN ROBERT BAKER,

Defendant and Appellant.

APPEAL FROM: District Court of the First, Judicial District,

In and for the County of Lewis and Clark,

Honorable Dorothy McCarter, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Loren Robert Baker, Pro Se, Deer Lodge, Montana

For Respondents:

Honorable Joseph P. Mazurek, Attorney General; Patricia J. Jordan,

Assistant Attorney General; Helena, Montana

Mike McGrath, County Attorney; Carolyn A. Clemens, Deputy

County Attorney; Helena, Montana

Submitted on Briefs: September 23, 1999

Decided: October 21, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ **Loren Robert Baker, appearing *pro se*, filed a motion for modification of sentence in the First Judicial District Court, Lewis and Clark County, requesting that the ten-year weapon enhancement portion of his sentence be struck in light of our decision in *Guillaume*. The District Court denied his motion. We consider his motion as a petition for postconviction relief and dismiss his appeal as barred under the pre-1997 version of § 46-21-102, MCA.**

¶ The following two issues are dispositive of this appeal:

¶ 1. Whether Baker's motion for modification of sentence is time-barred as a postconviction petition filed later than the five-year statute of limitations.

¶ 2. Whether a subsequent petition for postconviction relief is barred by operation of § 46-21-105, MCA.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ On June 21, 1990, Baker was convicted of felony robbery, reckless driving and carrying a concealed weapon. For felony robbery, he is currently serving a 25-year term at the Montana State Prison. His sentence was enhanced by a consecutive ten-year term for use of a weapon, pursuant to the weapon enhancement statute at § 46-18-221(1), MCA. For the two remaining convictions, reckless driving and carrying a concealed weapon, Baker was sentenced to consecutive terms of six months each in the Lewis and Clark County Jail.

¶ On a direct appeal, we affirmed as to evidentiary matters related to Baker's convictions. *See State v. Baker* (1991), 249 Mont. 156, 815 P.2d 587. On a later appeal from the District Court's denial of a petition for postconviction relief, we considered 25 issues, several of which were subject to a procedural bar because Baker did not raise them in his original petition in the District Court, some of which were subject to a procedural bar because Baker failed to raise them on direct appeal, and the remainder of which were barred by the doctrine of res judicata. *See State v. Baker* (1995), 272 Mont. 273, 901 P.2d 54, *cert. denied*, 516 U.S. 1125, 116 S.Ct. 940, 133 L. Ed.2d 865 (1996). The only issue we substantively considered was whether Baker received effective assistance of counsel.

¶ Almost nine years after his conviction, Baker filed this motion in the District Court requesting that the ten-year weapon enhancement portion of his sentence be struck based on our holding in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312. In *Guillaume*, we held that the application of the weapon enhancement statute to felony convictions where the underlying offense requires proof of use of a weapon violates the double jeopardy provision of the Montana Constitution. *Guillaume*, ¶16. Baker argues that our holding in *Guillaume* should extend to his case where the charging information declared that the elements of the crime of felony robbery were

satisfied by the use of a weapon, although use of a weapon was not a statutory element of the robbery offense. In addition, he argues that under *Guillaume* the District Court should not have imposed cumulative charges resulting in an additional one-year sentence for other crimes committed where the prosecution utilized the acts of the other crimes as relevant factors in proving the robbery conviction.

¶ The District Court denied Baker's motion on the same day it was filed, even before the State filed its response arguing that Baker's motion was barred by a statute of limitations. The court ruled that *Guillaume* does not extend to the weapon enhancement portion of Baker's sentence because the elements of robbery, as defined by § 45-5-401, MCA, do not include the use of a weapon.

¶ From this ruling, Baker appeals. Instead of reaching the merits of this case, however, we conclude that Baker's motion is barred.

## DISCUSSION

¶ This case is resolved by our recent decision in *State v. Nichols*, 1999 MT 212, 56 St. Rep. 827, in which we considered a similar appeal. In *Nichols*, the defendant was convicted and sentenced in 1989 for committing aggravated assault and felony assault. Like Baker, he was sentenced an additional ten years for use of a weapon pursuant to the weapon enhancement statute. Nichols filed a motion in 1999, asking the court to strike the weapon enhancement portion of his sentence in light of *Guillaume*. On appeal, we did not reach the merits of his motion and instead determined that Nichols' motion was barred. We concluded that Nichols failed to meet the five-year statute of limitations under the postconviction relief statutes and that he was not entitled to retroactive application of our decision in *Guillaume*.

¶ We reach the same conclusions here. In addition, we address the new arguments Baker presents.

## ISSUE 1

¶ Is Baker's motion for modification of sentence time-barred as a postconviction petition filed later than the five-year statute of limitations?

¶ A five-year statute of limitations applies to Baker's motion. This time bar is set out

in the pre-1997 version of § 46-21-102, MCA, and states that "[a] petition for the relief referred to in 46-21-101 may be filed at any time within 5 years of the date of the conviction."

¶ Baker argues that we mischaracterize his motion for modification of sentence as a petition for postconviction relief under § 46-21-101, MCA, and therefore inappropriately subject him to a five-year statute of limitations. Baker, however, fails to recognize that there must be a statutory basis for a trial court to modify his sentence. *See Dahlman v. District Court, Seventeenth Judicial Dist.* (1985), 215 Mont. 470, 472, 698 P.2d 423, 425. Consequently, he fails to cite any such statutory authority. No provision of law allows a court to vacate a conviction simply upon the motion of the defendant. *See State v. Howard* (1997), 282 Mont. 522, 524, 938 P.2d 710, 711.

¶ Therefore, we consider his motion under the postconviction relief statute, just as we have done in other cases. *See, e.g., Nichols*, 1999 MT 212, 56 St.Rep. 827; *Dahlman*, 215 Mont. at 473, 698 P.2d at 425; *State v. George* (1986), 224 Mont. 495, 497, 730 P.2d 412, 414. Section 46-21-101(1), MCA, which is substantially the same as its pre-1997 version, provides that:

A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal and who claims that a sentence was imposed in violation of the constitution or the laws of this state . . . may petition the court that imposed the sentence to vacate, set aside, or correct the sentence or revocation order.

Baker's motion clearly falls within the ambit of this statute.

¶ As such, the five-year statute of limitations found in the pre-1997 version of § 46-21-102, MCA, also applies. Since Baker filed his motion almost nine years after his conviction, his motion is time-barred.

ISSUE 2

¶ Is a subsequent petition for postconviction relief barred by operation of § 46-21-105, MCA?

¶ In the alternative, Baker characterizes his motion as a subsequent petition for postconviction relief and contends that pursuant to § 46-21-105, MCA, his petition should not be dismissed because it raises grounds for relief under *Guillaume* that could not have been raised in a previous petition. The premise of his argument is that *Guillaume* was not an available remedy for redress until now.

¶ Section 46-21-105, MCA, which also is substantially the same as its pre-1997 version, provides that:

The court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition.

. . .

When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter.

¶ The State responds that Baker could have previously raised the double jeopardy argument and challenged the weapon enhancement portion of his sentence or the additional one-year sentence for his other convictions; however, he did not do so at trial, on direct appeal or in his original petition for postconviction relief. Therefore, Baker is barred under § 46-21-105, MCA, from raising these arguments now.

¶ This issue need not be resolved here because based on our decision in *Nichols*, there can be no retroactive application of *Guillaume* even if we were to allow Baker's motion to be considered a subsequent petition. *Cf. Nichols*, ¶¶9-17. Baker's case was final and not pending on direct review at the time *Guillaume* was handed down; therefore, retroactive application of *Guillaume* is not allowed.

¶ Thus, we dismiss Baker's appeal.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART