No. 99-474

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 69N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

NICHOLAS MORRIS,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

Honorable Thomas A. Olson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Nicholas Morris, Pro Se, Mason, Tennessee

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Marty Lambert, County Attorney, Bozeman, Montana

Submitted on Briefs: January 20, 2000

Decided: March 16, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.Nicholas Morris appeals the May 18, 1999, Order of the Eighteenth Judicial District Court, Gallatin County, denying his postconviction motion to amend his sentence. We affirm.

¶3.Morris's appeal raises the following issues:

¶4. Whether the District Court erred in concluding that Morris's petition was time-barred?

¶5. Whether the District Court erred in concluding that Morris was not entitled to retroactive application of the rule announced in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312?

FACTUAL BACKGROUND

¶6.On December 13, 1993, the State filed an Information charging Morris with two counts of felony assault. The State alleged that on or about December 3, 1993, Morris purposely or knowingly caused bodily injury to Tim Stiller with a baseball bat and kicked Gallatin County Sheriff's Deputy Brian Gootkin in the thigh with steel tipped cross country ski boots. Following a jury trial, Morris was found guilty of both offenses. The District Court entered its Sentence and Judgment on February 24, 1994. The court ordered Morris to serve ten years in the Montana State Prison on each count, to run concurrently, as well as

two additional years under Count I for the use of a weapon. Morris applied for a review of his sentence. On June 9, 1994, the Sentence Review Division refused to modify his sentence.

¶7.On May 11, 1999, Morris filed a Motion for Amendment of Sentence requesting that his sentence be amended pursuant to our decision in *Guillaume*. On May 18, 1999, the District Court issued an Order denying Morris's petition. Morris appeals.

## STANDARD OF REVIEW

¶8.Our standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *State v. Nichols*, 1999 MT 212, ¶ 8, 295 Mont. 489, ¶ 8, 986 P.2d 1093, ¶ 8.

## ISSUE ONE

¶9.Whether the District Court erred in concluding that Morris's petition was time-barred?

¶10.The District court concluded that Morris's petition was time barred under § 46-21-102 (1), MCA because it was not filed within one year of the date Morris's conviction became final. However, as the State notes, the one-year statute of limitations contained in § 46-21-102(1), MCA, applies only to those convictions which became final by April 24, 1996. *See Nichols*, ¶ 19. Since the District Court entered its Sentence and Judgment on February 24, 1994, Morris's petition for postconviction relief is subject to the five-year statute of limitations set out in the pre-1997 version of § 46-21-102, MCA. *See Nichols*, ¶ 19. Section 46-21-102, MCA (1993), provided that a petition for relief "may be filed at any time within 5 years of the date of conviction." Morris's Petition for Amendment of Sentence was filed on May 11, 1999, more than five years after Sentence and Judgment was entered. Accordingly, the District Court correctly ruled that Morris's petition was time-barred, even though it applied the wrong version of the statute.

¶11.Nevertheless, Morris argues that we should disregard this procedural time-bar under our decision in *State v. Perry* (1988), 232 Mont. 455, 758 P.2d 268. However, we have held that the "miscarriage of justice" exception we articulated in *Perry* applies only to postconviction claims which allege newly discovered evidence that would establish that the defendant did not commit the offense. *See Nichols*, ¶ 20. *Perry* does not apply to claims of double jeopardy such as Morris's which are brought after the tolling of § 46-21-

102, MCA. *See Nichols*, ¶ 21.

## ISSUE TWO

¶12.Whether the District Court erred in concluding that Morris was not entitled to retroactive application of the rule announced in *Guillaume*?

¶13.The District Court also concluded that Morris could not receive the benefit of *Guillaume* because the rule announced in *Guillaume* did not apply retroactively. We have subsequently ruled that our holding in *Guillaume* does not apply to cases which were final when our opinion in *Guillaume* was issued. *See Nichols*, ¶ 17. Morris's case was final and not pending on direct review when we issued *Guillaume*. Therefore, the District Court was correct. Regardless, the issue of the retroactive application of *Guillaume* to Morris's case is moot because Morris's petition for postconviction relief is time-barred.

¶14.Affirmed

/S/ JIM REGNIER

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

.