No. 00-274

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 2N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DANIEL TODD COLLINS,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Daniel T. Collins, Deer Lodge, Montana (*pro se*)

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Pamela P. Collins, Assistant Montana Attorney General, Helena, Montana; Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs: November 30, 2000
Decided: January 4, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Daniel Todd Collins (Collins) an inmate at the Montana State Prison, appeals, *pro se*, from the District Court's denial of his Motion to Amend Judgment. In this motion, Collins contended that the court was required, under § 46-18-1003, MCA, to give him 168 days credit for the time he spent in the Intensive Supervision Program (ISP). We conclude that Collins is procedurally barred from collaterally attacking the validity of his sentence by way of this appeal. Accordingly, we decline to address the merits of his appeal and dismiss this cause with prejudice.

## BACKGROUND

¶3 On February 24, 1998, Collins entered his plea of guilty to charges of felony theft in violation of § 45-6-301(2)(a), MCA, and elder abuse, a misdemeanor in violation of § 52-3-825(2), MCA. These charges were filed by information in the Fourth Judicial District Court, Missoula County, as Cause No. 12467. Collins entered a guilty plea to these charges pursuant to a plea agreement. On May 5, 1998, Collins was sentenced. The court declared him to be a persistent felony offender, pursuant to § 46-18-501, MCA. As a result, Collins was sentenced on the felony theft charge to 28 years in the Montana State Prison, and with respect to the misdemeanor charge, to 5 months in the Missoula County Jail with credit for 5 months served. The felony and misdemeanor sentences were ordered to run concurrently with each other and with Missoula County Cause No. 12611. Furthermore, the court suspended the felony sentence on various terms and conditions,

including that Collins enter into and successfully complete the ISP.

¶4 On October 21, 1998, the State filed a petition to revoke Collins' suspended sentence because of probation violations, including his termination from the ISP for drinking intoxicants. Following an initial denial of the allegations contained in the petition to revoke, Collins admitted the allegations in a signed waiver of rights and entry of admission filed December 29, 1998.

¶5 The court accepted Collins' admissions, and held a dispositional hearing on January 19, 1999. At the conclusion of this hearing the court revoked Collins' 28-year suspended sentence and imposed a prison sentence of 28 years with 5 suspended on various terms and conditions. Regarding credit, the court stated:

> Due to the Defendant's failure to comply with the terms and conditions of his suspended sentence while under the supervision of the Department of Probation and Parole, the Court finds that he is not entitled to receive, and shall not receive, credit for any elapsed time between the date of his conviction and the date of this Order, except that he shall receive credit from March 5, 1997, through April 22, 1997; from September 10, 1997, through November 19, 1997; from December 23, 1997, through December 24, 1997; and from October 19, 1998, through date of sentencing, January 19, 1999, for two hundred fifteen (215) days jail time which he has previously served. The Defendant shall not receive credit for time served on the Intensive Supervision Program.

¶6 Following a hearing before the Sentence Review Division, Collins' sentence was amended to 28 years in the Montana State Prison, with 18 years suspended, with conditions. The amended judgment and commitment was entered on July 29, 1999.

¶7 On January 21, 2000, Collins filed in the District Court his motion to amend the judgment, contending that the court was required, under § 46-18-1003, MCA, to give him 168 days credit for the time he spent in the ISP (which he termed "house arrest"). The State opposed this motion, and on February 25, 2000, the District Court denied Collins' motion stating:

> The Court has considered the Defendant's Motion to Amend Judgment. The Court finds that the intensive supervision program is not included in the definition of

house arrest under Section 46-18-1001(2). The Court is not required to give credit for time served under the intensive supervision program. This Court specifically stated that the Defendant shall not receive that credit for all the reasons listed in the Judgment of January 19, 1999.

¶8 From this decision, Collins timely appealed.

## DISCUSSION

¶9 Collins' motion to amend judgment was an attempt to collaterally attack the validity of his sentence on the basis that the court declined to give him credit for the time spent in the ISP. That sort of attack is not permitted.

¶10 Montana's statutes for postconviction relief, §§ 46-21-101 to 203, MCA, provide the exclusive remedy for collaterally attacking the validity of a criminal sentence. *See State v. Baker*, 1999 MT 251, ¶¶ 14-15, 296 Mont. 253, ¶¶ 14-15, 989 P.2d 335, ¶¶ 14-15 (motion for modification of sentence construed as petition for postconviction relief); *State v. Nichols*, 1999 MT 212, ¶ 4, 295 Mont. 489, ¶ 4, 986 P.2d 1093, ¶ 4 (motion for amended sentence and judgment treated as postconviction petition); *State v. Howard* (1997), 282 Mont. 522, 524-25, 938 P.2d 710, 711-12 (motion to vacate conviction construed as postconviction petition); *State v. George* (1986), 224 Mont. 495, 497, 730 P.2d 412, 414 (motion to amend judgment considered as postconviction petition). Section 46-21-101(1), MCA. The relief which Collins sought clearly fell within the ambit of the postconviction statutes.

¶11 Moreover, as noted above, the amended judgment was filed July 29, 1999. Pursuant to Rule 5(b), M.R.App.P., Collins was required to file a notice of appeal within 60 days of that date. However, he failed to pursue any appeal and instead filed a motion to amend the judgment on January 21, 2000. Because Collins could have raised his claim in the District Court at the time he was sentenced and on appeal but did not do so, his claim is now barred by § 46-21-105, MCA. This statute provides in pertinent part:

> (2) When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. . . .

(3) For purposes of this section, "grounds for relief" incudes all legal and factual issues that were or could have been raised in support of the petitioner's claim for relief.

¶12 We have consistently applied the procedural bar in § 46-21-105, MCA, to preserve the integrity of the trial and direct appeal process. *See Gollehon v. State*, 1999 MT 210, ¶¶ 50-51, 296 Mont. 6, ¶¶ 50-51, 986 P.2d 395, ¶¶ 50-51, *cert. denied,* ___ U.S. ___, 120 S.Ct. 1539 (2000). The procedural bar also applies to issues that a petitioner did not preserve at the trial level for appeal. *State v. Baker* (1995), 272 Mont. 273, 280-81, 901 P.2d 54, 58-59, *cert. denied*, 516 U.S. 1125, 116 S.Ct. 940 (1996).

¶13 Accordingly, Collins' claim in this cause being procedurally barred, this cause is dismissed with prejudice to the merits.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART