DA 07-0302

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 136N

DANIEL T. COLLINS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 2007-399
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Daniel T. Collins, (Pro Se), Shelby, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  April 9, 2008

Decided:  April 22, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     This is an appeal by Daniel T. Collins ("Collins"), a self-represented litigant. Collins appeals from the District Court's April 20, 2007 Opinion and Order dismissing Collins's petition for postconviction relief. The court grounded its decision in § 46-21-201(1)(a), MCA, which allows the court to make an initial review of the petition and the files and records of the underlying case and to dismiss the petition as a matter of law for failure to state a claim for relief if the files and records conclusively show that the petitioner is not entitled to relief. The procedural background of this case is set forth in two non-published decisions of this Court, *State v. Collins*, 2001 MT 2N, and *State v. Collins*, 2006 MT 78N. Collins had pled guilty to felony theft and misdemeanor elder abuse on February 24, 1998. After being declared a persistent felony offender, he was sentenced to twenty-eight years in prison for the felony theft with a concurrent five-month jail sentence for elder abuse. The entire twenty-eight-year prison sentence was suspended.

¶3     Collins's suspended sentence was revoked in January 1999 and again in July 2004. As a result of these latter proceedings, the District Court sentenced Collins to eighteen

2

years in the Montana State Prison, largely because of his recidivist behavior.

¶4 Collins filed his petition for postconviction relief on March 23, 2007. As a first ground, Collins alleged that after his probation officer arrested him, he never personally appeared before a judge to have bail set within seventy-two hours after his detention as required by § 46-23-1012(3)(c), MCA. Furthermore, Collins claimed that two of his attorneys were ineffective during the District Court revocation proceedings because they never challenged the State's alleged failure to comply with the aforementioned statute. As a second ground, Collins claimed that his appellate counsel provided ineffective assistance on appeal because she never met with him in prison and failed to raise certain issues. Finally, as his third ground, Collins alleged that the District Court sentenced him without a presentence investigation report (PSI) after the District Court revoked his suspended sentence. The court did not order a response to Collins's petition from the State.

¶5 Although the trial court's reasoning is somewhat difficult to follow, it appears that the court found that Collins's ineffective assistance of counsel claim (revocation proceedings) was procedurally barred under § 46-21-105(2), MCA, because Collins did not raise the claim on direct appeal. The court also found without merit Collins's underlying claim that the State violated § 46-23-1012(3)(c), MCA. Likewise, the court found without merit Collins's ineffective assistance of appellate counsel claim. Finally, the court found that Collins cited no authority to support his claim that the District Court should have ordered a PSI after it revoked his suspended sentence and prior to sentencing.

3

¶6     We address four issues on appeal:

¶7     1. Is Collins's ineffective assistance of counsel claim concerning his counsel's representation during the District Court revocation proceedings procedurally barred by § 46-21-105(2), MCA?

¶8     2. Alternatively, has Collins shown that counsel who represented him during the revocation proceeding provided ineffective assistance?

¶9     3. Has Collins shown that his appellate counsel provided ineffective assistance?

¶10    4. Is Collins's claim that the District Court should have ordered a PSI after it revoked his suspended sentence procedurally barred by § 46-21-105(2), MCA?

¶11    As to Issue 1, we conclude that Collins's claims that counsel provided him ineffective assistance of counsel during the revocation proceedings because each failed to challenge the State's alleged failure to comply with § 46-23-1012(3)(c), MCA, is record based. Because Collins could have raised this claim on direct appeal but failed to do so, he is now procedurally barred from doing so in a postconviction proceeding. Section 46-21-105(2), MCA. As a result of our decision on Issue 1, we decline to address Issue 2—Collins's claims that counsel who represented him during the revocation proceedings provided ineffective assistance.

¶12    As to Issue 3, we conclude that there is no merit to Collins's claims that his appellate counsel provided him ineffective assistance on appeal because she failed to meet with him in person to discuss his appeal. Not only does Collins fail to cite any legal authority to support his contention (*see* M. R. App. P. 12(1)f.), but, more importantly, Collins has failed to demonstrate that counsel's conduct fell below an objective standard

4

of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances. *See Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065-66 (1984).

¶13 Finally, Collins's claim that the District Court was statutorily required to order a new PSI could have been raised on direct appeal but was not. This claim is, therefore, also procedurally barred under § 46-21-105(2), MCA.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit. The District Court's findings of fact are not clearly erroneous and the legal issues are controlled by settled Montana law that the District Court correctly interpreted.

¶15 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE