DA 11-0386

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 9N

LYLE H. JOHNSON,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-94-11338
Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lyle H. Johnson (Pro Se), Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, M. Shaun Donovan,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  December 4, 2012

Decided:  January 22, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Lyle H. Johnson (Johnson) appeals from an order from the Fourth Judicial District Court, Missoula County, which denied his motion to modify his sentence. Johnson argues on appeal that because he is proceeding pro se, the District Court should have construed his petition more liberally so as to afford him the relief that he has requested. We affirm.

¶3     Johnson pled guilty to felony indecent exposure on February 13, 1995. He was sentenced to a term of five years in the Montana State Prison for the indecent exposure charge and to a concurrent forty-five year term for being a persistent felony offender. Johnson appealed his conviction, and we affirmed in a noncite opinion. In August of 1996, Johnson petitioned the Sentence Review Division to reconsider his sentence. The Sentence Review Division found that Johnson's sentence was not excessive, but rather concluded that it was inadequate. Accordingly, the Sentence Review Division issued an order that amended the judgment to prohibit him from becoming eligible for parole until he has served thirty years of his sentence and completed all phases of the Sex Offender Treatment Program at the prison.

¶4    Because Johnson committed his offense in 1994, he has been eligible to earn "good time allowance" that operates as a credit towards his sentence pursuant to § 53-30-105, MCA (1993)[1].  *See Orozco v. Day*, 281 Mont. 341, 354, 934 P.2d 1009, 1016 (1997) (holding that prisoners have liberty interest in good time allowance as permitted by the statute in effect at the time the offense was committed).  On April 12, 2011, after learning that he had been receiving good-time allowance credit towards his discharge date but not towards his parole eligibility date, Johnson filed a letter with the District Court titled "Petition for Modification of Sentence."  In the letter, Johnson claimed that he would have been eligible for parole sometime in 2009 if he had been credited good time allowance towards his parole eligibility date.  He accordingly asked the District Court to suspend the balance of his sentence and allow him to complete the remainder of the Sex Offender Program "on the streets."  The District Court held that it did not have jurisdiction to modify Johnson's sentence and issued an order denying his request on June 1, 2011.

¶5    "No provision of law allows a court to vacate a conviction simply upon the motion of the defendant."  *State v. Baker*, 1999 MT 251, ¶ 14, 296 Mont. 253, 989 P.2d 335.  There must be a statutory basis for a trial court to modify a validly pronounced sentence.  *Baker*, ¶ 14.  When a prisoner fails to cite a statutory basis for a sentence modification motion, we consider the motion under the postconviction relief statute.  *Baker*, ¶ 15.  The postconviction relief statute in effect at the time Johnson committed his offense had a

---

[1] Section 53-30-105, MCA (1993) subsequently has been amended and then repealed.

five-year statute of limitations. Section 46-21-102, MCA (1993). Thus, the District Court correctly held that Johnson's request for modification was untimely.[2]

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law, and we find no reason in fact or law to disturb the District Court's order.

¶7 Affirmed.

/S/ Mike McGrath

We Concur:

/S/ Beth Baker
/S/ Michael E Wheat
/S/ Patricia O. Cotter
/S/ Brian Morris

---

[2] We note that while the District Court properly considered Johnson's letter, Johnson's complaint that his sentence is illegal and his good time allowance has not been credited toward his parole eligibility date, may more appropriately be addressed in a writ of habeas corpus filed pursuant to §§ 46-22-101 et seq., MCA.

4