

DA 12-0767

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 226N

MICHAEL ELLENBURG,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 97-12940
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael Ellenburg (self-represented), Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

                 Submitted on Briefs:  July 24, 2013
                           Decided: August 13, 2013

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Michael Ellenburg appeals from the District Court's Order of November 20, 2012, denying his request for additional credit against time to be served in prison.  We affirm.

¶3      In 1999 Ellenburg pled guilty to two counts of felony theft and one count of felony forgery.  The District Court sentenced Ellenburg to a 10-year suspended sentence on each of the theft convictions and to 20 years with five years suspended on the forgery sentence.  The three sentences were to run consecutively to each other.

¶4      In 2006 the State filed a petition to revoke Ellenburg's suspended sentences for violations of his conditions of probation.  The District Court found that Ellenburg had violated the conditions and revoked the suspended sentences.  In March 2006, the District Court sentenced Ellenburg to 10 years in prison for each of the felony theft convictions and to five years on the felony forgery conviction, with the sentences to run consecutively.  The District Court gave Ellenburg credit for 53 days spent in jail in 2005 and 2006, but specifically declined to grant any other credit against the sentences because of Ellenburg's "failure to comply with the terms and conditions of his suspended sentence while under the supervision of the Department of Probation and Parole."

¶5      Ellenburg now contends that the District Court should give him additional credit for

2

"elapsed time" that he spent in the Intensive Supervision Program for other prior offenses in 1996 and 1997, and for 183 days of "elapsed time" he spent on probation for the theft and forgery convictions in 2005 and 2006.

¶6     Ellenburg relies upon § 46-18-203(7)(b), MCA, which requires that a judge revoking a suspended sentence must consider "any elapsed time" and decide whether to credit some, all, or none of it to the sentence imposed upon revocation.  That statute did not entitle Ellenburg to credit for any "elapsed time," but only required that the District Court consider whether to allow credit for any elapsed time.  It is clear that the District Court here considered whether to credit Ellenburg for elapsed time. The District Court granted Ellenburg credit for time spent in jail, and declined to grant credit for any additional time. That is all that is required.

¶7     Ellenburg has failed to show any legal basis that he is entitled to any additional consideration for credit against his sentences.  *State v. Baker*, 1999 MT 251, ¶ 14, 296 Mont. 253, 989 P.3d 335 (there must be a statutory basis for a district court to modify an existing sentence).  Ellenburg also previously exhausted his remedies with regard to the revocation of his suspended sentences and his subsequent sentences to prison.  He appealed his initial sentences for theft and forgery and this Court affirmed (*State v. Ellenburg*, 2000 MT 232, 301 Mont. 289, 8 P.3d 801); he appealed the District Court's denial of his petition for postconviction relief and this Court affirmed (*Ellenburg v. Chase*, 2004 MT 66, 320 Mont. 315, 87 P.3d 473); and this Court denied two subsequent petitions for writ of habeas corpus (*Ellenburg v. State*, 333 Mont. 553, 143 P.3d 704, 2006 Mont. LEXIS 780 (September 20,

3

2006) and *Ellenburg v. State*, 175 P.3d 304, 2007 Mont. LEXIS 722 (October 31, 2007)).

Ellenburg's request for credit, if deemed a petition for postconviction relief, is barred by the one-year statute of limitations in § 46-21-102, MCA, and is additionally barred by § 46-21-105, MCA, precluding postconviction claims that could have been raised on direct appeal.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law that the District Court correctly interpreted and applied.

¶9     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE