**FILED**

March 11 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0450

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 68N

MICHAEL ELLENBURG,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 97-12940
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Michael Ellenburg (Self Represented), Deer Lodge, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
Attorney General, Helena, Montana

            Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs: February 19, 2014
Decided: March 11, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      In 1999 Ellenburg was convicted of several felonies for theft and forgery after he entered guilty pleas to those offenses. He reserved the right to appeal certain pre-trial orders, and this Court affirmed the convictions. *State v. Ellenburg*, 2000 MT 232, 301 Mont. 289, 8 P.3d 801. Ellenburg served some prison time but was paroled in 2005. In 2006 the District Court revoked Ellenburg's suspended sentences for parole violations and returned him to prison. Ellenburg appealed the revocation of his parole to this Court, but in September 2006, he expressly and in writing moved to dismiss the appeal, referred to by this Court's Cause Number DA 06-0378. In the motion to withdraw the appeal, signed by both Ellenburg and his attorney, Ellenburg acknowledged that by dismissing the appeal he was "forever giving up" the right to argue that the State failed to prove a probation violation; to argue that any of his constitutional rights were violated; to argue that the sentence was illegal; and to argue that the State had failed to comply with all procedural requirements to revoke his probation.

¶3      Since his conviction in 1999 Ellenburg has initiated, filed or attempted numerous legal claims in state and federal courts concerning his conviction or the revocation of his probation. Many of these have been redundant and repetitive, and Ellenburg has

2

attempted to litigate issues that have already been decided or that he waived long ago by the passage of time. Ellenburg has also attempted to initiate new claims in the context of the original criminal case that led to his 1999 conviction, such as by filing a petition for declaratory relief in that case in October 2011.

¶4 The present matter is similar. Ellenburg seeks credit against his sentence for certain periods of time served prior to the revocation of his probation in 2006. Ellenburg could and should have raised that issue in his appeal of the revocation. However, he chose to dismiss the appeal and to expressly identify the array of rights that he was waiving by doing so. Ellenburg brought this issue to the District Court by a letter dated November 12, 2012. The District Court issued an order dated November 20, 2012, denying Ellenburg's request as to the sentence credit issue and Ellenburg appealed that to this Court. This Court affirmed the District Court, *Ellenburg v. State*, 2013 MT 226N.

¶5 The issue of whether Ellenburg is entitled to any more credit for time served has been waived by his failure to appeal in 2006, and was specifically decided against him in this Court's decision in 2013. That issue cannot be litigated again. Ellenburg cannot twice appeal from the same order of the District Court. The District Court's order of November 20, 2012, denying Ellenburg's requested relief is again affirmed.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly applied.

¶7     Affirmed.

                                        /S/ MIKE McGRATH


We Concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER
/S/ PATRICIA COTTER