FILED

08/23/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0787

DA 15-0787

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 211N

STATE OF MONTANA,

      Respondent and Appellee,

  v.

BRENDA D. BERG,

      Petitioner and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause Nos. DC 96-44, DC 96-129,
DC 96-326, DC 96-344, DC 96-517, DC 97-191
Honorable Rod Souza, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brenda Berg, Self-Represented, Billings, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Jon Bennion, Assistant
Attorney General, Helena, Montana

      Scott Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  June 29, 2016

Decided:  August 23, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Brenda D. Berg, appearing pro se, appeals from a November 2015 order of the Thirteenth Judicial District Court, Yellowstone County, denying her Motion for Reconsideration of Restitution. We affirm.

¶3      In February of 1998, Berg was sentenced in the Thirteenth Judicial District Court, to three years with all but four months suspended for each of the crimes underlying Cause Nos. DC 96-044, DC 96-129, DC 96-326, DC 96-344, DC 96-517, and DC 97-191. The suspended time was contingent on Berg's payment of restitution to the victims in the amount of $27,463.89. On November 13, 2014, Berg filed a Motion for Reconsideration of Restitution with Memorandum in Support arguing that the imposition of restitution was improper because the State had not filed affidavits of the victims' losses in accordance with § 46-18-242(1)(b), MCA, and that a portion of the award was improper as it was based on dismissed or unfiled cases.

¶4      A trial court must have a statutory basis for modifying a defendant's sentence. *State v. Baker*, 1999 MT 251, ¶ 14, 296 Mont. 253, 989 P.2d 335. Where a defendant fails to cite statutory authority for the sentence modification, this Court construes the motion as a petition for postconviction relief. *Baker*, ¶¶ 14-15.

2

¶5    A petition for postconviction relief may be filed at any time within one year of the date on which the conviction becomes final. Section 46-21-102(1), MCA. A petition based on newly discovered evidence may be brought within one year of the date the petitioner discovers, or reasonably should have discovered, the existence of the evidence. Section 46-21-102(2), MCA. In relevant part, a conviction becomes final when the time for appeal to the Montana Supreme Court expires. Section 46-21-102(1)(a), MCA. From the time the judgment is entered, a defendant has 60 days within which to file an appeal to the Montana Supreme Court. M. R. App. P. 5(b) (1997). Further, this Court has consistently held that while a certain amount of latitude may be given to pro se litigants, it is nonetheless reasonable to expect such litigants to adhere to procedural rules. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124.

¶6    Berg was convicted and sentenced in February of 1998. Roughly sixteen years passed between the time Berg's conviction became final and the filing of the instant motion. Therefore, Berg is well outside of the timeframe allowed by § 46-21-102(1), MCA.

¶7    Further, Berg may not avail herself of the newly discovered evidence provision contained in § 46-21-102(2), MCA. Berg argues that, because the information that gave rise to this current claim was only recently discovered as a result of requests made to the district court, the information should be considered newly discovered evidence. However, the statute provides that the time in which a petition may be filed begins to run from "the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence." Section 46-21-102(2), MCA. As the records Berg

3

requested have been in existence since 1998, they should have reasonably been discovered years ago.

¶8 Berg's sentence put her on notice that the restitution award was predicated in part on both dismissed cases and unfiled cases in March of 1998; therefore, she cannot now claim that the evidence is newly discovered. Because Berg may not proceed under either §§ 46-21-102(1) or -102(2), MCA, Berg's motion, which we have construed as a petition for postconviction relief, is time barred. As such, the District Court did not err in denying Berg's Motion for Reconsideration of Restitution.

¶9 Finally, Berg seeks consideration regarding her time served. We note that Berg originally filed a "Motion for Reconsideration of Time Served and Re-Calculation of M.W.P. for Parole" in the Thirteenth Judicial District Court, Yellowstone County. That motion was denied without prejudice by the District Court in July 2015, for failure to correctly serve the proper parties. Berg may refile that motion in the District Court and correctly serve the proper parties. Alternatively, Berg may assert her claims on writ of habeas corpus as the writ is the appropriate avenue for relief in cases involving calculation of "good time" credits. *Eisenman v. State*, 2000 MT 170, ¶ 13-14, 300 Mont. 322, 5 P.3d 542.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of this Court, this case presents a question controlled by settled law.

¶11    Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER